Paul Suskie, City Attorney City of North Little Rock 300 Main, Box 5757 North Little Rock, AR 72119
Dear Mr. Suskie:
You have requested an Attorney General's opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that the City of North Little Rock has received requests for a closed police investigation file. You state that the investigation in question was an investigation of a complaint of criminal wrongdoing made by a city employee against certain co-workers. After investigating the matter, the police forwarded the file to the prosecuting attorney's office. After reviewing the file, the prosecuting attorney did not file any criminal charges. The police now consider the case file to be closed. Both the accuser and an internal affairs investigator from the city department in which the accuser is employed have now requested a copy of the police investigation file. You state that the file contains personnel and evaluation records, medical records, and other records related to the investigation. It is my understanding that none of the employees who were investigated has been suspended or terminated. You have specifically asked about the releasability of these records to each of the requesters.
RESPONSE
As an initial matter, I must note that because I have not been provided copies of the requested records, I cannot opine definitively regarding the release of any particular record. However, I will set forth the legal standards that will govern the release of these records generally. I will address the four types of records that you have indicated are contained in the file: personnel records, evaluation records, medical records, other records related to the investigation.
Before discussing these four types of records, I must address another matter. Some of the records may constitute the personnel records or the evaluation records of the accuser/requester, who is an employee. Employees are expressly entitled to receive copies of their own records. A.C.A. § 25-19-105(c)(2). If certain records constitute the personnel records of both the accuser and other employees, it will be necessary to determine whether certain information about these other employees should be redacted before the records are released to the accuser. This determination is a factual one that must be based upon the "clearly unwarranted" standard or the constitutional right of privacy, both of which are discussed below. For a discussion of this issue, see Ops. Att'y Gen. Nos. 2001-028; 2000-174.
The discussion below presupposes that the records requested are not the records of the requester.
Personnel Records
As noted, you have indicated that some of the requested records are "personnel records." Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See,e.g., Ops. Att'y Gen. Nos. 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). This standard will apply even though the personnel records have become a part of the police investigation file. They do not lose their character as personnel records. See Op. Att'y Gen. No. 2000-257.
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-201; 2001-101; 98-001.
Accordingly, it will be necessary for each personnel record that is contained in the requested investigation file to be reviewed and evaluated separately under the above described legal standard to determine whether it should be released. Again, this standard is appropriately applied to these records even though they may be in maintained in the police investigation file.
Employee Evaluation/Job Performance Records
You indicate that some of the records contained in the requested file constitute "evaluation records." As with personnel records, evaluation records retain their character as evaluation records even though they have become a part of a police investigation file. The FOIA does not define the term "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055. Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It will be crucial in evaluating the records contained in the requested investigation file to distinguish between records that were created at the behest of the employer, and records that were not created at the behest of the employer. Whereas internal investigation records are created at the behest of an employer, see Ops. Att'y Gen. Nos. 2003-201; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144, police investigation records are not. Therefore, records created by the police in the course of the investigation do not constitute employee evaluation/job performance records and are not subject to the above described standard for releasability. The standard for the release of such records is discussed below. However, any records in the police investigation file that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation/job performance records, and are subject to the three-pronged test set forth above. You will note that a presupposition of that test is that the employee to whom the records relate was suspended or terminated. If none of the employees to whom these records relate has been suspended or terminated, these records are not releasable.
Medical Records
Any medical records contained in the requested file cannot be released. Medical records are specifically exempted from disclosure under the FOIA. See A.C.A. § 25-19-105(b)(2).
Other Police Investigation Records
Any records contained in the requested file that do not constitute personnel records, employee evaluation/job performance records, or medical records (and that do not fall within any other exemption from disclosure) should be released, if indeed the case is closed. Although the records of "undisclosed investigations" by law enforcement agencies are exempt from disclosure under the FOIA, see A.C.A. § 25-19-105(b)(6), this exemption does not apply to investigations that are completed. See Johninson v.Stodola, 316 Ark. 423, 872 S.W.2d 374 (1994). The question of whether any particular investigation is complete is a question of fact that must be determined on a case-by-case basis, see Op. Att'y Gen. No. 2002-188, taking into consideration the views of all authorities involved in the investigation, including both the police and the prosecutor. See Op. Att'y Gen. No. 2002-303. If, as you have indicated, both the police and the prosecutor consider the investigation in question to be closed, the records in this file that are not subject to any other exemption can be released.
Constitutional Right of Privacy
As mentioned previously, any party who is identifiable from any of the requested records may have a constitutionally-protected privacy interest in those records that would mandate that they be withheld from disclosure, or that personal identifiers be redacted from the records prior to disclosure. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If it can be determined factually that any information contained in the requested records rises to the level of constitutional protection by meeting the three prongs of test laid out by the McCambridge court, a determination must then be made as to whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the available information. If it is determined that a privacy interest in the requested records outweighs the public's interest in them, the private information in the records should be redacted from the records before they are released.
Finally, I note that if any record is determined to be releasable, that record should be reviewed to determine whether it contains any specific items of information that are exempt from disclosure, such as social security numbers, see 5 U.S.C. § 552a, note, or home addresses. See
A.C.A. § 25-19-105(b)(13). The fact that a record may contain items of exempt information is not a valid basis for withholding the entire record from disclosure. A.C.A. § 25-19-105(f)(1).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General